IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN DAWAYNE WILLIS,

    Plaintiff,

v.

BEAVERTON POLICE DEPARTMENT;
and CITY OF BEAVERTON,

    Defendants.

Case No. 3:22-cv-00172-JR

ORDER

RUSSO, Magistrate Judge.

Plaintiff, an adult in custody at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. For the reasons set forth below, plaintiff must file an Amended Complaint.

## BACKGROUND

Plaintiff names as defendants the Beaverton Police Department and the City of Beaverton. Plaintiff alleges that on December 14, 2018, an unidentified Beaverton police officer illegally detained plaintiff and searched his backpack, where they located a replica U.S. Secret Service Badge. He alleges he was arrested and taken into custody in violation of his constitutional and state law rights. By way of remedy, plaintiff seeks money damages and a letter of apology.

1 - ORDER

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

2 - ORDER

As noted, plaintiff names the Beaverton Police Department and the City of Beaverton as defendants. Plaintiff does not, however, allege facts that would establish municipal liability. See Monell, 436 U.S. at 690-91. A municipal entity is liable under § 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom; a municipality may not be held vicariously liable under § 1983 simply based on the allegedly unconstitutional acts of its employees. Mt. Healthy City Sch. Dist. Bd. Of Ed. v. Doyle, 429 U.S. 274, 280 (1977); Board of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Accordingly, plaintiff does not state a claim against defendants upon which relief may be granted under § 1983.

Moreover, the incident underlying plaintiff's Complaint occurred on December 14, 2018, and plaintiff signed his Complaint on January 20, 2022. Any claims arising out of the incident are time barred because it took place more than two years before plaintiff initiated this action and plaintiff does not allege any facts warranting equitable tolling or equitable estoppel under Oregon law. See Van Strum v. Lawn, 940 F.3d 1134, 1139 (9th Cir. 2002) (federal courts apply the forum state's statute of limitations for Bivens actions, which in Oregon is two years from the date the cause of action accrues); Lugan v. Ford, 2016 WL 3287369, at *3 (D. Or. June 7, 2016) (limitation period is not tolled under Oregon law during a plaintiff's incarceration and the elements of equitable estoppel require that the defendant made a false representation to induce the plaintiff to allow the filing deadline to pass), aff'd 716 F. App'x 699 (9th Cir. 2018); Sopher v. Washington, 370 F. App'x 846, 847-48 (9th Cir. 2010) (holding that equitable estoppel requires conduct above and beyond the alleged wrongdoing that forms the basis of the claim). Accordingly, plaintiff's Complaint is untimely.

Finally, to the extent plaintiff alleges claims for relief under state law, although the Court may exercise supplemental jurisdiction over state law claims, the Court may also decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). As discussed above, plaintiff's Complaint fails to state a plausible federal claim for relief. If plaintiff fails to file an Amended Complaint which cures the deficiencies noted, plaintiff's state law claims will be dismissed as well. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff must file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this Order. Plaintiff is advised that failure to file an Amended Complaint, or failure to cure the deficiencies noted above, shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this __24th__ day of February 2022.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge